IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 22, 2025

## KEVIN LEON BRAZELTON, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 126042   Hector Sanchez, Judge**

_____

**No. E2024-00954-CCA-R3-PC**

_____

The Petitioner, Kevin Leon Brazelton, Jr., appeals the denial of his petition for post-conviction relief, maintaining that his attorney at trial was ineffective. Following our review of the record, we remand the judgment of the post-conviction court for further findings concerning the timeliness of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Remanded**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Holly K. Nehls, Knoxville, Tennessee, for the appellant, Kevin Leon Brazelton, Jr.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Charme P. Allen, District Attorney General; and Takisha M. Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from the Petitioner entering a market at night with a weapon and demanding that the market's employee open the cash register. The Petitioner came around the counter and took the money from the cash register. The Petitioner then demanded money from a safe; however, the employee was unable to open the safe. For his conduct, a Knox County grand jury indicted the Defendant for four counts of aggravated robbery, a Class B felony. On June 8, 2018, a Knox County jury convicted the Petitioner as charged. *State v. Brazelton*, No. E2019-00992-CCA-R3-CD, 2021 WL 5878997, at *1 (Tenn. Crim. App. Dec. 13, 2021), *perm. app. denied* (Tenn. April 13, 2022), *cert. denied* 143 S. Ct. 240 (2022). The trial court sentenced the Petitioner to twenty-five years for each conviction and merged the convictions. *Id.*

The Petitioner appealed his convictions, asserting that the trial court should have granted a mistrial when a court officer shocked him with a stun belt in the jury's presence; that the trial court erred by allowing the prosecution to use a peremptory challenge against the only African-American member of the venire in violation of *Batson v. Kentucky*, 476 U.S. 79, 89 (1986); and that the trial court erred by failing to give the jury a flight instruction. This court affirmed the judgments and our supreme court denied permission to appeal on April 13, 2022. *Id.* The United State Supreme Court denied *certiorari* on October 3, 2022.

On October 3, 2023, the Petitioner filed an untimely *pro se* petition for post-conviction relief, raising five claims of ineffective assistance of counsel. He filed an amended petition on October 17, 2023, asserting essentially the same claims in the original petition. The State filed a response denying all allegations in the petition. Neither party made any mention of the statute of limitations in their pleadings. After appointment of counsel, the Petitioner filed an amended petition, raising an additional seventeen claims of ineffective assistance of counsel. In the petition, the only mention of the statute of limitations was as follows:

> Statute of Limitations satisfied by Petitioner's initial *Pro Se* filings. Alternatively, if this Court does not find that the statute of limitations was satisfied by the Petitioner's initial *Pro Se* filings, Petitioner asserts that attorney misconduct would necessitate a tolling of the statute of limitations.

The State filed a response denying the allegations and raising the issue that the petition was untimely based on the one-year statute of limitations.

The post-conviction court held an evidentiary hearing on March 15, 2024. At the beginning of the hearing, the parties announced that the State was "withdrawing the tolling issue" because appellate counsel had incorrectly advised the Petitioner that the filing period was based upon the denial of *certiorari* from the United States Supreme Court. Both parties agreed that the statute of limitations is based upon filings with the state court and not federal court.

The post-conviction court found that a tolling of the statute of limitations applied based upon appellate counsel's incorrect advice regarding the limitations periods. The Petitioner and the State each presented one witness, and the trial court later issued an order denying relief. It is from this judgment that the Petitioner appeals.

## II. Analysis

2

On appeal, the Petitioner maintains that he received the ineffective assistance of counsel. The State, contrary to its position at the post-conviction hearing, now raises on appeal that the Petitioner's appeal should be dismissed as untimely. The State argues that the Petitioner is not entitled to tolling of the statute of limitations because he alleges "solely . . . attorney error."

The Petitioner's only reference to the statute of limitations in his brief is, "The Post-Conviction Court first found that the original Petition for Post-Conviction relief was timely filed." The post-conviction court's order likewise does not mention the statute of limitations. It appears from the discussion prior to the post-conviction hearing that the post-conviction court tolled the statute of limitations based solely upon appellate counsel misinforming the Petitioner about the starting date for the one year statute of limitations for the filing of his post-conviction petition.

The Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." T.C.A. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

*Id*.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered but notes that absent an exception, "No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period[.]" Limited statutory exceptions and the principles of due process may, in very limited circumstances, require the tolling of the one-year statute of limitations. *See Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). When a petitioner seeks tolling of the limitations period on the basis of due process, however, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory

3

period," and the "[f]ailure to include sufficient factual allegations . . . will result in dismissal." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001).

In this case, the Petitioner asserts in his March 14, 2024 amended petition that his petition is timely but if this court should find otherwise, "attorney misconduct would necessitate a tolling of the statute of limitations." In our view, the Petitioner did not raise factual allegations in the petition as required, thereby warranting dismissal of the petition. Nonetheless, it appears the post-conviction court, relying upon the statements of counsel for the Petitioner and the State, determined that due process concerns required the tolling of the one-year statute of limitations.

"Issues regarding whether due process require[s] the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to *de novo* review." *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013). In *Whitehead*, our supreme court identified three circumstances that allow for equitable tolling: 1) when the claim for relief arises after the statute of limitations has expired; 2) when a petitioner's mental incapacities prevent the petitioner from filing prior to the expiration of the statute of limitations; and 3) when attorney misconduct necessitates the tolling of the statute of limitations. *Id.* at 620-21.

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), our supreme court recognized that attorney misconduct can cause due process concerns that would require equitable tolling of the statute of limitations for the filing of a petition for post-conviction relief. *Id.* at 471. The court stated that "[t]he question, then, is whether the appellee in this case was, in fact misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." *Id.* A petitioner is entitled to due process tolling "upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead*, 402 S.W.3d at 631). Regarding the first prong of the analysis, the court stated that "pursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" *Id.* (quoting *Whitehead*, 402 S.W.3d at 631). "[T]he second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true." *Whitehead*, 402 S.W.3d at 631. The Tennessee Supreme Court emphasized that, "'[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations' . . . [which still] holds true today." *Id.* at 634 (quoting *Smith*, 357 S.W.3d at 358). Importantly, due process tolling "'must be reserved for those

4

rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Bush*, 428 S.W.3d at 22 (quoting *Whitehead*, 402 S.W.3d at 631-32).

In *State v. Lowe,* 703 S.W.3d 319 (Tenn. Crim. App. June 7, 2024), this court considered a claim based upon attorney misconduct where "at least three attorneys" miscalculated the statute of limitations for filing the post-conviction petition. The post-conviction court had granted due process tolling of the statute of limitations based upon various attorneys advising the Petitioner incorrectly as to the statute of limitations causing the Petitioner to file a petition one month after the statute of limitations had expired. This court reversed the post-conviction court's grant of due process tolling concluding, "while at least three attorneys erroneously calculated the statute of limitations for filing Petitioner's post-conviction petition, using the test set forth in *Whitehead*, the miscalculation and poor advice alone do not justify due process tolling." *Id*. at 333 (citing, *Whitehead*, 402 S.W.3d at 618, 629).

The record reflects that a jury convicted the Petitioner on June 8, 2018. He appealed his convictions, this court affirmed, and the Tennessee Supreme Court denied permission to appeal on April 13, 2022. Thus, the Petitioner was required to file his petition for post-conviction relief on or before April 13, 2023, one year from the date his judgment became final. *See* T.C.A. § 40-30-102(a). The Petitioner did not file his petition for post-conviction relief until October 3, 2023, almost six months after the statute of limitations expired.

It is clear that the Petitioner filed outside the statute of limitations; however, the record is not clear as to the post-conviction court's analysis with respect to the tolling of the statute of limitations. At the post-conviction hearing, the post-conviction court stated that the petition was timely filed and then the parties proceeded to the evidentiary portion of the post-conviction hearing. Further, the post-conviction court did not include findings with respect to the due process tolling in the order denying relief. Therefore, we remand the case for further proceedings that the post-conviction court deems necessary to consider the relevant factors and caselaw and to determine whether attorney misconduct in this case justifies a tolling of the statute of limitations.

### III. Conclusion

Based on the foregoing authorities and reasoning, we remand this case to the post-conviction court for additional proceedings consistent with this opinion.

_____s/ *Robert W. Wedemeyer*_____
ROBERT W. WEDEMEYER, PRESIDING JUDGE